# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-192

**Caption [use short title]**

**Motion for:** stay the District Court proceedings pending petition by Petitioner-Appellant for a panel rehearing and/or a rehearing en banc

In re:

Search Warrant dated November 3, 2021

**Set forth below precise, complete statement of relief sought:**

Petitioner-Appellant seeks a stay of the District Court proceedings in order to afford time to prepare and file a petition with this Court seeking a panel rehearing and/or a rehearing en banc of this Court's Summary Order dated July 23, 2024

**MOVING PARTY:** Spencer Meads
**OPPOSING PARTY:** United States

☐ Plaintiff ☐ Defendant
☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Richard L Sullivan
**OPPOSING ATTORNEY:** Robert B. Sobelman

[name of attorney, with firm, address, phone number and e-mail]

Law Office of Richard L Sullivan
6558 4th Section Rd. # 195, Brockport NY 14420
(307) 250-2462; richardlsullivan@msn.com

U.S. Attorney's Office, SDNY
One St. Andrew's Plaza, New York NY 10007
(212) 637-2616; robert.sobelman@usdoj.gov

**Court- Judge/ Agency appealed from:** U.S. Dist. Ct., S.D.N.Y. (Hon. Analisa Torres)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain): ____

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☒ No

Requested return date and explanation of emergency: 7/26/24; emergency relief sought on the grounds that the Government has declined to refrain from reviewing seized materials pending a forthcoming petition for rehearing

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☒ Yes ☐ No If yes, enter date: oral argument conducted on 6/28/24

**Signature of Moving Attorney:**
_/s/_ **Date:** 7/25/2024 **Service:** ☒ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# RICHARD L. SULLIVAN
## ATTORNEY AT LAW

July 25, 2024

**VIA ACMS**

Catherine O'Hagan Wolfe, Clerk of Court
Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:     In re: Search Warrant Dated November 3, 2021, Docket No. 24-192

Dear Ms. Wolfe,

I represent Spencer Meads, Petitioner-Appellant in this matter. In a Summary Order dated July 23, 2024, the Court affirmed the Order of the District Court from which Mr. Meads appealed. Mr. Meads hereby requests that the Court grant a stay of the District Court proceedings in order that he may file a petition with the Court for a panel rehearing and/or a rehearing en banc.

It is respectfully submitted that such a petition is meritorious, and warrants this Court's further attention. As set forth in the extensive motion practice and briefing both in the District Court and this Court, this case implicates fundamental Constitutional principles, and Petitioner-Appellant's position has consistently been that the lower court's order poses a significant and wide-ranging risk of chilling journalistic activity.

Moreover, the case presents at least one issue of novel and exceptional significance: whether the journalist's privilege is grounded in the First Amendment, or merely in common law. Of course, the Second Circuit has never held that the qualified journalists' privilege is a First Amendment, rather than common law, privilege. United States v. Treacy, 639 F.3d 32, 43 (2d Cir. 2011) (declining to "wade into the[ ] constitutional waters" to determine whether "the reporter's privilege is derived from the First Amendment rather than a federal common law of privileges"); Gonzales v. Nat'l Broad. Co., 194 F.3d 29, 35 n.6 (2d Cir. 1999) ("Previously decisions of our court have expressed differing views on whether the journalists' privilege is constitutionally required, or rooted in federal common law. . . . we need not decide whether the privilege is founded in the Constitution."). Here, the issue whether the privilege is grounded in the First Amendment was briefed by the parties as bearing on the issue of whether the Court has jurisdiction. The Court declined to reach the issue, and instead proceeded to address the merits on the assumption of hypothetical jurisdiction, on the grounds that "where the jurisdictional issue is both novel and arguably complex" and the appellant's claims are, in the Court's view, meritless. It is respectfully submitted that the question of whether the

6558 4th Section Rd., # 195
Brockport, NY 14220
richardlsullivan@msn.com

Tel:  (307) 250-2462
Fax: (716) 810-1785

journalists' privilege is grounded in the First Amendment is a significant question of law which remains undetermined in this Circuit, and that the instant matter represents an appropriate opportunity for that question to be settled. Accordingly, Mr. Meads asks this Court to stay the proceedings in the District Court during the pendency of a petition to this Court for a panel rehearing and/or a rehearing en banc, to be filed with the Court in the timeframe and manner permitted by the F.R.A.P. and the Court's Local Rules.

      I have consulted with counsel for the government concerning the instant application, and the government does not consent to the relief sought herein.

Very truly yours,

Richard L. Sullivan